IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RCC LIQUIDATING CORP.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 09-10617 (MFW)<br><br>Hearing Date: November 23, 2009 at 11:30 a.m.<br>Objection Deadline: November 16, 2009 at 4:00 p.m. |

## DEBTOR'S FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN (A) DUPLICATE, (B) AMENDED/SUPERSEDED, AND (C) LATE FILED CLAIMS

> Claimants receiving this First Omnibus Objection should locate their name(s) and claim number(s) on Schedule 1, to learn which lettered exhibit(s) contain the grounds for objection pertaining to their claim(s) and the relief being sought by the First Omnibus Objection.
>
> Your substantive rights may be affected by this First Omnibus Objection and by any further objection that may be filed by the Debtor.
>
> The relief sought herein is without prejudice to the Debtor's rights to pursue further substantive or non-substantive objections against the Claims listed on Schedule 1 of this First Omnibus Objection.

RCC Liquidating Corp., the debtor and debtor in possession in the above-captioned case ("RCC" or the "Debtor"), by its undersigned counsel, hereby submits this First Omnibus Objection to Certain Claims (Non-Substantive) (the "First Omnibus Objection" or "Objection") and seeks an order disallowing and expunging the claims identified herein pursuant to 11 U.S.C. § 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"). In support of the Objection, the Debtor relies upon the Declaration of Marc S. Weinsweig filed herewith, and further represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 6025.

# BACKGROUND

## A. The Chapter 11 Case

1. On February 22, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the Bankruptcy Code.

2. On March 3, 2009, the Office of the United States Trustee for this District appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee").

3. The Debtor continues in possession of its properties and continues to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No request has been made for the appointment of a trustee or examiner

## B. The Claims Review Process

5. On June 24, 2009, the Bankruptcy Court entered the order fixing the bar date for filing proofs of claim (the "Bar Date Order") [D.I. 688]. Pursuant to the Bar Date Order, all entities other than governmental units, were required to file proofs of claims no later than August 3, 2009 (the "General Bar Date"), and all governmental units were required to file prepetition claims no later than August 21, 2009 (the "Governmental Bar Date"). Notice of the General Bar Date and Governmental Bar Date was mailed to all known potential creditors and all known equity holders. In addition, notice of the General Bar Date and Governmental Bar Date was published in The New York Times.

6. To date over 3,100 proofs of claims have been filed.

7. Claims filed in response to the General Bar Date and Governmental Bar Date (collectively, the "Proofs of Claim") are recorded on the Claims Registry which is maintained by Kurtzman Carson Consultants, LLC, the Court appointed "Claims Agent".

8.  In the ordinary course of business, the Debtor maintains books and records (the "Books and Records") that reflect, among other things, the Debtor's liabilities and the amounts owed to its creditors. The Debtor, through its advisors and counsel, has begun to review and analyze the claims scheduled, filed, or otherwise asserted against the Debtor's estate. The Debtor has determined that the claims identified on **Exhibits A through C** attached to the Proposed First Omnibus Order are subject to objection on one or more non-substantive grounds.

## REQUEST FOR RELIEF

9.  By this Objection, and for the reasons stated below, the Debtor seeks the entry of an Order, pursuant to 11 U.S.C. §§ 105 and 502(b), Fed. R. Bankr. P. 3001 and 3007, and Del. Bankr. L. R. 3007-1, disallowing and expunging the claims listed in **Exhibits A, B, and C** as more particularly set forth in the exhibits attached to the Proposed First Omnibus Order.

## BASIS FOR RELIEF

### C.  Duplicate Claims

10. The Debtor objects to those claims listed on **Exhibit A** under the column "Duplicate Claim to be Expunged" (collectively, the "Duplicate Claims") because the claims duplicate other claims filed by the same claimant. The Debtor has identified the Duplicate Claims by isolating those claims filed by the same claimants for the same amount and classification.

11. For each such claimant, the last filed proof of claim is classified as the "Remaining Claim Number," while all other proofs of claim filed by the same claimant are classified as Duplicate Claims. The Debtor submits that the Duplicate Claims listed on **Exhibit A** should be disallowed and expunged, leaving their corresponding surviving claims as their sole claims against the Debtor.

3

46460/0002-5981253v4

### D. Amended/Superseded Claims

12. The Debtor objects to those claims listed on **Exhibit B** under the column "Amended/Superseded claim to be Expunged" (collectively, the "Amended/Superseded Claims") because the claims were amended or superseded by other claims filed by the same claimant. The Debtor has identified the related Claims that will remain if the Court grants the First Omnibus Objection under the column "Remaining Claim Number."

13. The Debtor submits that the Amended/Superseded Claims listed on **Exhibit B** should be disallowed and expunged from records, leaving their corresponding surviving claims as their sole claims against the Debtor.

### E. Late Filed Claims

14. The Debtor has determined that the claims listed on **Exhibit C** were late filed relative to their respective bar dates (collectively, the "Late Filed Claims"). Such Late Filed Claims are identified on **Exhibit C** by, among other things, their claim numbers, dates on which they were filed, and amounts. The Debtor therefore requests disallowance of such claims in their entirety under section 502(b)(9) of the Bankruptcy Code. See 11 U.S.C. § 502(b)(9).

## APPLICABLE AUTHORITY

15. Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> [T]he court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

16. A proof of claim generally constitutes prima facia evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). A claim, however, should

not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. 11 U.S.C. § 502(b)(1). If objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. See In re Allegheny Int'l, Inc., 954 F.2d 167, 174 (3d Cir. 1992); In re Fidelity Mortgage Holding Co., Ltd., 837 F.2d 696, 698 (5th Cir. 1988).

17. For the reasons set forth above, the Debtor submits that the claimants identified on **Exhibits A through C** do not meet the standards for prima facia validity and such claims should be disallowed and expunged.

## RESPONSES TO OBJECTIONS

18. Filing and Service of Responses. To contest this First Omnibus Objection, a claimant must file and serve a written response to the First Omnibus Objection (a "Response") so that it is received no later than **4:00 p.m. (Eastern Time) on November 16, 2009** (the "Response Deadline"). Claimants should read the Proposed First Omnibus Order and the attached Exhibits carefully. A claimant who has timely filed a written Response and wishes to oppose the First Omnibus Objection must attend or make other arrangements to participate in the hearing on the objection, which hearing is scheduled to be held on **November 23, 2009 at 11:30 a.m. (Eastern Time)** before the Honorable Mary F. Walrath, United States Bankruptcy Judge, United States Bankruptcy Court, 824 Market Street, 5th Floor, Wilmington, Delaware (the "Hearing").

19. Every Response should be filed with the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, Marine Midland Plaza, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; and served upon the following, so that the Response is received no later than the Response Deadline at the following addresses:

46460/0002-5981253v4

Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Karen McKinley, Esquire

Cole, Schotz, Meisel, Forman & Leonard, P.A.
300 E. Lombard Street, Suite 2000
Baltimore, MD 21202
Attn: Gary H. Leibowitz, Esquire

20. Content of Responses. Every Response to the First Omnibus Objection must contain, at a minimum, the following:

(a) a caption setting forth the name of the Court, the name of the Debtor, the case number and the title of the First Omnibus Objection to which the Response is directed;

(b) the name of the claimant and description of the basis for the amount of the Disputed Claim;

(c) a concise statement setting forth the reasons why the relief in the First Omnibus Objection should not be granted, including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the First Omnibus Objection;

(d) all documentation or other evidence supporting the Disputed Claim not previously filed with the Bankruptcy Court or the Claims Agent, upon which the claimant relies in opposing the First Omnibus Objection; and

(e) the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Debtor should serve a reply, if any, to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the claim on behalf of the claimant.

21. Timely Response Required. If a claimant fails to file and serve a timely Response, then without further notice to the claimant or a hearing, the Debtor will present to the Court an Order, substantially in the form of the Order attached hereto.

22. Service Address. If a Response contains an address for the claimant different from that stated on the Proof of Claim, the address in the Response shall constitute the service address for future service of papers upon the claimant with respect to the First Omnibus

Objection unless or until counsel for the Debtor receives written notice from the claimant or the claimant's counsel of a changed service address.

## ADJOURNMENT OF HEARING

23. The Debtor reserves the right to adjourn the Hearing on any objection. In the event that the Debtor adjourns the Hearing, the Debtor will state that the Hearing on the objection and/or response has been adjourned on the agenda for the Hearing on the First Omnibus Objection, which agenda will be served on the person designated by the claimant in a Response pursuant to paragraphs 20(e) and 22 above.

## REPLIES TO RESPONSES

24. Consistent with Local Rule 9006-1(d), the Debtor may, at its option, file and serve a reply to a Response.

## RESERVATION OF RIGHTS

25. Nothing contained in this Objection shall be deemed an admission by anyone of liability on any claims against the Debtor's estate, and the Debtor does not waive any rights against any party. The Debtor reserves all rights, including, without limitation: (a) the right to amend, modify, or supplement this Objection and to bring further and separate objections to claims, including amended claims or any other claim now or hereafter asserted; (b) the right to bring avoidance actions under applicable sections of the Bankruptcy Code or other applicable law; and (c) the right to enforce any setoff or recoupment against holders of claims. Separate notice and a hearing will be scheduled for any such objection.

## FURTHER INFORMATION

26. Questions or requests for additional information about the First Omnibus Objection should be directed to the Debtor's counsel in writing at the address listed below (Attn: Gary H. Leibowitz, Esquire , 410-230-0660 or e-mail: gleibowitz@coleschotz.com).

27. Claimants should not contact the Clerk of the Court to discuss the merits of their claim or this First Omnibus Objection.

## NOTICE

28. The Debtor will serve copies of this Objection (with all exhibits) on: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Creditors' Committee; (iii) counsel to the Agent for the Debtor's prepetition and postpetition secured lenders; (iv) Internal Revenue Service; (v) all parties entitled to receive notices in this chapter 11 case pursuant to Bankruptcy Rule 2002; and (vi) the claimants identified on **Schedule 1** attached hereto. The Debtor submits that notice of this Objection is sufficient and proper and that no further notice is necessary.

## COMPLIANCE WITH BANKRUPTCY LOCAL RULE 3007-1

29. The Debtor, by its undersigned counsel, states that, to the best of its knowledge, information and belief, this Objection and related Exhibits comply with Local Rule 3007-1. To the extent this First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that such requirement be waived.

WHEREFORE, the Debtor respectfully requests that the Court: (a) enter an Order substantially in the form attached hereto, disallowing and expunging the claims subject to this Objection and (b) grant such other and further relief as the Court deems appropriate and just.

Dated: October 7, 2009

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
Karen M. McKinley (No. 4372)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131
(302) 652-3117 (Fax)

-and-

Irving E. Walker, Esquire
Gary H. Leibowitz, Esquire
300 E. Lombard Street, Suite 2000
Baltimore, MD 21202
(410) 230-0660
(410) 230-0667 (Fax)

Counsel for the Debtor
and Debtor in Possession